Ruffin, C. J.
 

 Upon the circumstances as disclosed by the pleadings, there could be little hesitation in decreeing a redemption of the slaves, as well as the other things, pur
 
 *580
 
 chased by the defendant. But if it were possible to doubt upon the case, as made in the bill and answer, the proofs make the plaintiff’s right manifest. It is stated by the defendant’s agent, that, at the time of the purchase, money was placed in his hands, about $70, belonging to Hudgins, towards paying for the purchases, and that, at the instance of Mrs. Hudgins, he bought the negroes for the benefit of Hud-gins’ family, as he did the other articles, and that he bought all very low in consequence of making it known, that he was bidding ior the defendant for the benefit of the family. The witness states, that Hudgins u sed that money, the $70, in payment for his purchases. If to these circumstances be added the subsequent use and dominion over the negroes, •there cannot be a doubt, that the defendant meant the whole as a donation from himself, or at the most to hold the property as a security for his advances, with liberty to his brother-in-law to redeem. Indeed, the counsel for the defendant did not contest the right to redeem, so much upon the ■ground, .that his purchase was absolute, as because the bill shews, that it was a fraudulent contrivance to protect the property from the creditors of Hudgins, under the cover of a purchase by the defendant, really though.secretly, in trust for Hudgins. If such were the case, the court could give no relief to either party to the dishonest agreement, and it struck us at the opening of the case, that the bill was drawn with that view, as no other motive for stating the plaintiff to be a creditor could be imagined. Upon a more careful reading of the bill, however, it would seem that the pleader was cautious not to make the needful allegation, that the purchases were made upon the imputed trust with the intent to hinder or defraud creditors.
 

 The acts themselves may be evidence of such an intent* ■but they may likewise have been innocent and truly and openly to constitute a security for the defendant’s advances, with an open and honest trust beyond that, for Hudgins ; and without a direct averment of the covinous purpose, it cannot .be assumed or acted on by the court. The bill, therefore,
 
 *581
 
 does not state a case of fraud against creditors, and it is not necessary to consider the effect on the right to redeem, if the bill had so stated. Nor does the answer place the defence on that ground, but solely on that of the defendant’s purchases being absolute and for his own use, without any trust for Hudgins, or use in the property to him or his family, except as the defendant might gratuitously allow,. To that defence the receipt of the money of Hudgins, as a payment for the articles purchased, is a complete answer, in connexion with the other facts before spoken of. Therefore the plaintiff, as the administrator of Hudgins, must be declared to be entitled to redeem on the usual terms, and there must be a reference to take the accounts.
 

 Per Curiam. . Decree accordingly.